IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALAN BRADLEY TREXLER,            )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    1:14CV1085
                                 )
CAROLYN W. COLVIN,               )
Acting Commissioner of Social Security, )
                                 )
            Defendant.           )

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Alan Bradley Trexler ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits under Title II of the Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

I.    PROCEDURAL HISTORY

Plaintiff filed his application for Disability Insurance Benefits on August 4, 2011, alleging a disability onset date of April 17, 2001, later amended to December 31, 2001. (Tr. at 71, 154-55.)[1] His date last insured was September 30, 2007. His claim for Disability Insurance Benefits for the period from December 31, 2001 to September 30, 2007 was denied initially (Tr. at 70-86, 109-12), and that determination was upheld on reconsideration (Tr. at 87-103,

---

[1] Transcript citations refer to the Sealed Administrative Record [Doc. #5].

114-21). Thereafter, Plaintiff requested an administrative hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 123-24.) Plaintiff attended the subsequent hearing on December 10, 2013, along with his attorney and an impartial vocational expert. (Tr. at 11.)

The ALJ ultimately concluded that Plaintiff was not disabled within the meaning of the Act. (Tr. at 21.) On October 31, 2014, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review. (Tr. at 1-6.)

## II. LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of [the] review of [such an administrative] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is

2

evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[2]

---

[2] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first two steps, and establishes at step three that the impairment "equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations," then "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual function[al] capacity ('RFC')." Id. at 179.[3] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can

---

[3] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that pursuant to the administrative regulations, the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be

4

"perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since his alleged onset date. (Tr. at 13.) Plaintiff therefore met his burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered from the following severe impairments: "history of obesity, diabetes mellitus, diabetic neuropathy, degenerative joint disease of the bilateral knees, degenerative joint disease of the lumbar spine with a chronic compression fracture at T11, depression, anxiety, and post-traumatic stress disorder." (Tr. at 14.) The ALJ found at step three that none of these impairments met or equaled a disability listing. (Tr. at 15-17.) Therefore, the ALJ assessed

---

determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

5

Plaintiff's RFC and determined that he could perform light work with the following additional restrictions: "he must be able to sit and stand at will; he cannot climb ladders, ropes and/or scaffolds; he needs a cane for ambulation, but not for the performance of job duties; and he is limited to simple, routine, repetitive tasks." (Tr. at 17.) Based on this determination, the ALJ found under step four of the analysis that Plaintiff could not return to any of his past relevant work. However, based on the vocational expert's testimony, the ALJ determined at step five, that, given Plaintiff's age, education, work experience, and RFC, he could perform other jobs available in the national economy. (Tr. at 20-21.) Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. at 21.)

Plaintiff now argues that the ALJ erred in formulating both the RFC and the hypothetical questions to the vocational expert based upon the RFC. Specifically, he contends that the ALJ (1) failed to perform a function-by-function analysis in formulating the RFC and, relatedly, failed to clarify the impact of Plaintiff's cane use and sit/stand requirement on the number of jobs available at step five of the sequential analysis, and (2) failed to include mental RFC limitations consistent with his finding of moderate limitations in concentration, persistence, or pace, as required by Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). After careful consideration of the record before it, the Court agrees that the ALJ's failure to comply with Mascio in formulating Plaintiff's mental RFC requires remand. The Court therefore declines consideration at this time of the additional issues raised by Plaintiff.

After the ALJ delivered his decision in this case, the Fourth Circuit issued its decision in Mascio, addressing, among other issues, the question of whether and how moderate limitations in concentration, persistence, and pace found at step three must be accounted for

6

in the RFC assessment. 780 F.3d at 638. In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Id. (internal quotation omitted). This is because "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. The Fourth Circuit further noted that "[p]erhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order." Id. (internal citation omitted).

In the present case, as in Mascio, the ALJ found at step three that Plaintiff has moderate difficulties in concentration, persistence, or pace. (Tr. at 16.) However, the mental restrictions in Plaintiff's RFC include nothing beyond a limitation to "simple, routine, repetitive tasks." (Tr. at 17.) Defendant asserts that remand is not required under Mascio where the ALJ's discussion of, and reliance on, substantial record evidence adequately explains why the plaintiff's moderate limitation at step three did not translate into any additional RFC restrictions. (Def.'s Br. [Doc. #11] at 11-13.) See, e.g., Del Vecchio v. Colvin, No. 1:14CV116, 2015 WL 5023857, at *5-6 (W.D.N.C. Aug. 25, 2015); Walker v. Colvin, No. 6:14-cv-00025, 2015 WL 5138281, at *11 (W.D. Va. Aug. 31, 2015); Jones v. Colvin, No. 7:14CV00273, 2015 WL 5056784, at *3-4 (W.D. Va. Aug. 20, 2015). However, in this case, the ALJ expressly

relied on the opinion of Dr. William Farrell, the State agency psychological consultant at the reconsideration level, in limiting Plaintiff to simple, routine, repetitive tasks. Unlike the cases noted above, Dr. Farrell's opinion contains further restrictions not reflected in the ALJ's RFC assessment. (Tr. at 19.) Specifically, Dr. Farrell found that Plaintiff "has some deficits in sustained concentration, but claimant is able to sustain sufficient attention to compete simple routine tasks for a 2-hour period at a non-production pace." (Tr. at 99.) This restriction was based on Dr. Farrell's determination that Plaintiff had moderate limitations in maintaining attention and concentration for extended periods, and moderate limitations in his ability to perform at a consistent pace without unreasonable rest periods. (Id.) Dr. Farrell ultimately concluded that Plaintiff is "able to sustain the mental demands of unskilled work in a low stress, low social, and low production environment." (Tr. at 100.) In contrast, the ALJ did not include in the RFC any restriction to a low stress or low production environment, nor was there any explanation of this omission. By omitting any reference to Plaintiff's ability to stay on task from his RFC, despite his step three findings of moderate limitations in concentration, persistence and pace, and without explanation in his decision or reconciliation of the state agency determination, the ALJ failed to comply with Mascio. This error merits remand because consideration of these issues must be undertaken by the ALJ in the first instance, in order to allow for appropriate judicial review.[4]

---

[4] In light of this determination, the Court need not reach Plaintiff's other claims regarding the formulation of the RFC, and those issues can be further addressed as part of the remand. In addition, to the extent that there may be issues related to the VA disability determination in this case, those issues can be addressed in light of Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir.2012) ("The assignment of at least some weight to a VA disability determination reflects the fact that both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for proceedings consistent with this Recommendation. To this extent, Defendant's Motion for Judgment on the Pleadings [Doc. #10] should be DENIED, and Plaintiff's Motion for Judgment on the Pleadings [Doc. #7] should be GRANTED. However, to the extent that Plaintiff's motion seeks an immediate award of benefits, it should be DENIED.

This, the 22nd day of February, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

present extensive medical documentation in support of their claims. . . . [Therefore,] in making a disability determination, the SSA must give substantial weight to a VA disability rating, . . . [and] an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." (internal citations and quotations omitted)).